IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| George M. Arnold, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Sandi Scales., individually and dba; )<br>SANDI SCALES ETCHING )<br>COMPANY; )<br>)<br>Defendant. )<br>) | Civil Action No.: 3:15-cv-45<br><br>**COMPLAINT**<br><br>**(JURY TRIAL DEMANDED)** |

Plaintiff George M. Arnold, by and through its attorney, for its Complaint against Sandi Scales, individually and dba SANDI SCALES ETCHING COMPANY (**"Defendant"**), alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code.

## PARTIES

2. Plaintiff is an individual who resides in Greer, South Carolina and is a citizen of South Carolina. Plaintiff owns and operates Glass Art Imaging, LLC, a limited liability company located at 7 Bateswood Court, Greer SC, 29651. Plaintiff utilizes his patented subject matter[1] in the operation of his company.

3. Upon information and belief, Defendant Sandi Scales is an individual who resides in Elberton, Georgia and is a citizen of Georgia. Upon information and belief,

---
[1] U.S. Patent No.: 7,919,191 B2

Defendant Sandi Scales holds herself out to be the owner and operator of co-defendant SANDI SCALES ETCHING COMPANY with a principal place of business located at 1966 Hartwell Hwy., Elberton, Georgia 30635.

## JURISDICTION

4. This court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action concerns the infringement of a United States patent.

5. Upon information and belief, Personal jurisdiction over Defendant is proper in this District and is consistent with the principles of due process on the basis that Defendant is a citizen of this District or has its principal place of business within this District.

## VENUE

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1400(b), in that the Defendant resides or has its principal place of business in this District.

## FACTS

**The Asserted Patent**

7. United States Patent Number 7,919,191 B2 (**"the '191 Patent"**), entitled PIGMENTED IMAGES ON STONE, was duly and legally issued on April 5, 2011, and names George M. Arnold as the inventor. Attached as Exhibit A is a true and correct copy of the '191 Patent.

8.     The '191 Patent claims, among other things, a method of creating a pigmented image on a monument stone substrate includes positioning the stone relative to a laser engraving apparatus, masking the stone substrate in an image area in which the image is to be created with a first mask layer, operating the laser engraving apparatus in a pattern over the masked area at a sufficient power level to burn through the mask and pit the stone substrate with a first set of pits, applying a first layer of pigment over the image area to any remaining first mask layer in the image area and to the first set of pits, curing the first layer of pigment and removing any remaining first mask layer. Additional colors or pigment layers can be added by repeating the masking, burning and applying steps, and the final such step can be a dithered image, followed by an edge defining cutting step in which the border of the image is defined. All pigment layers are rooted in the stone. The pigmented background allows for the utilization of any stone, regardless of speckle, grain, or color. The final pigmented image is preserved with protective coatings.

9.     Plaintiff George M. Arnold is the owner of the entire right, title, and interest in the '191 Patent.

**Defendant's Infringing Products and Activities**

10.    Upon information and belief, the Defendant has and continues to infringe the '191 Patent by making, selling, and offering for sale traditional laser etching services and SANLAZE laser etching services ("**Defendant's services**") in the United States that embody or use the inventions claimed in the '191 Patent. Attached as Exhibit C are copies of the pricing lists for Defendant's services.

11. Upon information and belief, Defendant's services provide a pigmented image on a stone substrate wherein the stone is masked in an image area by a mask layer, the laser burns through the mask layer and vitrifies the stone underneath to create pits in the surface, a layer of paint is applied over the image area and the vitrified pits, the layer of paint is cured, the remaining mask layer is removed, and the steps repeated until a desired pigmented image is created. Defendant's services allow for the application of laser etching on any color granite or marble, polished or unpolished. Further, Defendant's services utilize dithered images to operate the laser emitter and a clear protective coat to preserve the final pigmented image from deterioration.

12. Defendant worked with Plaintiff at one time, prior to August 10, 2011, where Defendant came to a full knowledge of the existence of the '191 Patent and the process covered by the '191 Patent.

13. On August 10, 2011, Plaintiff mailed Defendant a letter regarding earlier provided laser etching services that were thought to be infringing the '191 Patent, which placed Defendant on actual notice of the '191 Patent (Exhibit B).

14. Upon information and belief, Defendant has known of the existence of the '191 Patent since at least August 10, 2011 and probably before, and her acts of infringement have been wilful and in disregard for the '191 Patent, without any reasonable basis for believing that it had a right to engage in the infringing conduct. Defendant's history with Plaintiff, including the prior working relationship and the August 10, 2011 letter, serve to show that Defendant had actual knowledge or reasonably should have.

## COUNT ONE

## INFRINGEMENT OF U.S. PATENT NO. 7,919,191 B2

15.   Plaintiff repeats and realleges paragraphs 1 through 14 hereof, as if fully set forth herein.

16.   Upon information and belief, Defendant has been and is directly infringing at least claim 1, 12, 16, and 17 of the '191 Patent by using, selling, or offering for sale in the United States, including within this judicial district, services to provide a pigmented image on a stone substrate wherein the stone is masked in an image area by a mask layer, the laser burns through the mask layer and vitrifies the stone underneath to create pits in the surface, a layer of paint is applied over the image area and the vitrified pits, the layer of paint is cured, the remaining mask layer is removed, the steps are repeated until a desired pigmented image is created, and a clear protective coat covers the final image, including those sold under the name traditional laser etching and SANLAZE laser etching, in violation of 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents.

17.   Upon information and belief, Defendant's infringement has been, and continues to be knowing, intentional, and willful.

18.   Upon information and belief, Defendant's acts of infringement of the '191 Patent have caused and will continue to cause Plaintiff damages for which Plaintiff is entitled to compensation pursuant to 35 U.S.C. § 284.

19.   Upon information and belief, Defendant's acts of infringement of the '191 Patent have caused and will continue to cause Plaintiff immediate and irreparable harm

5

unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283. Plaintiff has no adequate remedy at law.

20. Upon information and belief, this case is exceptional and, therefore, Plaintiff is entitled to an award of attorneys' fees pursuant to 35 U.S.C. § 285.

**WHEREFORE**, Plaintiff requests judgment against Defendant as follows:

1. Adjudging that Defendant has infringed the '191 Patent, in violation of 35 U.S.C. § 271(a);

2. Granting an injunction permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all of those in active concert and participation with any of the foregoing persons or entities from infringing, contributing to the infringement of, or inducing infringement of the '191 Patent;

3. Ordering Defendant to account and pay damages adequate to compensate Plaintiff for Defendant's infringement of the '191 Patent, with pre-judgment and post-judgment interest and costs, pursuant to 35 U.S.C. § 284;

4. Ordering that the damages award be increased up to three times the actual amount assessed, pursuant to 35 U.S.C. § 284;

5. Declaring this case exceptional and awarding Plaintiff its reasonable attorneys' fees, pursuant to 35 U.S.C. § 285; and

6. Awarding such other and further relief as this Court deems just and proper.

Respectfully submitted this 15th day of April.

        **MANER CRUMLY CHAMBLISS LLP**

        **/s/ Jonathan D Crumly, Sr.**
        Jonathan D. Crumly, Sr.
        Georgia Bar No. 199466
        Vinings Square, Suite B-101
        2900 Paces Ferry Road
        Atlanta, Georgia 30339
        Telephone: (770) 434-0310
        Facsimile: (404) 549-4666
        Email: jcrumly@ManerCC.com


        Thomas L. Moses (Fed. ID No. 7049)
        SOUTHEAST IP GROUP, LLC
        13-B West Washington Street
        Greenville, South Carolina 29601
        Telephone: (864) 509-1905
        Facsimile: (864) 509-1907
        Email: tmoses@seiplaw.com
        (Application for Pro Hac Vice Admission to be Filed)

        *Attorneys for Plaintiff*